**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Application of RH2 PARTICIPAÇÕES SOCIETÁRIAS LTDA.,<br><br>Applicant,<br><br>For the Issuance of Subpoenas for the Production of Documents and Testimony for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. | Civil Action No. 23-4025 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Applicant RH2 Participações Societárias Ltda.'s (RH2) appeal of the Magistrate Judge's April 7, 2026 text order denying Applicant's request to obtain documents from Brazilian entity Koliver Consultoria e Participações Ltda. (KCP). (ECF No. 42.) Respondents Koliver & Co. LLC (KCO) and Edward Koliver opposed and RH2 replied. (ECF Nos. 43, 48.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, RH2's Motion is **DENIED**.

## I. BACKGROUND

Koliver is a New Jersey resident and the sole owner of KCO, which is a New Jersey partnership registered to do business in Brazil. (Koliver Decl. Nov. 30, 2023, ECF No. 7-2 ¶¶ 2, 8.)[1] KCO owns 99.996% of KCP. (ECF No. 32 at 19 (KCP Operating Agreement, Art. 5).) The

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

remaining .004% of KCP is owned by Diego Jardim Carvalho, who is KCP's manager. (*Id.*; Koliver Decl. Nov. 13, 2024, ECF No. 35-1 ¶ 7.) Per KCP's Articles of Incorporation, Carvalho manages KCP and individually represents the company "in all acts, under the title of director." (ECF No. 32 at 19 (KCP Operating Agreement, Art. 7).) KCP's Operating Agreement provides that the appointment and removal of its administrators, such as Carvalho, requires majority vote. (*Id.* at 21 (KCP Operating Agreement, Art.15).)

Koliver, KCO, and RH2 are all parties to an ongoing civil lawsuit in Brazil (the Brazilian Litigation).[2] (ECF No. 1 ¶ 3.) Specifically, Koliver and KCO sued RH2, among others, in the Brazilian Litigation for claims relating to their allegation that RH2 owes them "success fees" for consulting work Koliver and KCO allegedly performed in connection with a failed business transaction. (*Id.* ¶ 5.) The parties agree that their consulting agreement, which is at issue in the Brazilian Litigation, contains a provision whereby KCO reserved the right to use KCP as a resource to render the services under the contract. (ECF No. 42-1 at 10; ECF No. 43 at 21 ("Indeed, KCO employed KCP, a separate entity, as a resource in the underlying transaction[.]").)

On July 27, 2023, RH2 filed an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 in aid of the ongoing civil lawsuit in Brazil. (ECF No. 1.) The application sought leave to serve two subpoenas seeking the production of documents in the District of New Jersey—one each to Koliver and KCO. (*Id.*) The application also included a subpoena for the deposition of Koliver, which is not relevant for purposes of this appeal. (*Id.*) The Magistrate Judge granted RH2's

[2] The parties make conflicting statements regarding whether KCP is also a plaintiff in the Brazilian Litigation, but the Court need not resolve that factual dispute for purposes of the instant appeal. (ECF No. 42-1 at 6 ("Applicant RH2 filed this proceeding to obtain discovery for an ongoing civil lawsuit in Porto Alegre Brazil . . . in which KCO and KCP sued RH2 and others."); ECF No. 43 at 5 ("However, the Applicant now impermissibly seeks to expand its subpoenas to include [KCP] – a non-party to the Brazilian lawsuit that is exclusively located in Brazil.").)

application to issue the subpoenas for documents to Koliver and KCO. (ECF No. 6.) Koliver and KCO subsequently filed a motion to quash the subpoenas (ECF No. 7), which the Magistrate Judge denied. (ECF No. 19.)

In October 2024, Koliver and KCO alerted the Magistrate Judge to a discovery dispute whereby RH2 expanded its discovery requests to encompass KCP, such that RH2 was seeking documents and communications from KCP even though the subpoenas were directed to Koliver and KCO. (ECF No. 28.) In response, RH2 argued that the subpoenas obligated Koliver and KCO to produce KCP's emails because Koliver and KCO have "possession, custody, or control over the documents" and further argued it did not have to seek the documents through the Brazilian Litigation because Koliver and KCO "can access the electronic information in New Jersey." (ECF No. 32.) RH2 also attached multiple declarations in support of its letter alerting the Magistrate Judge to the discovery dispute, including a declaration from its counsel in the Brazilian Litigation, Guilherme Rizzo Amaral. (ECF No. 32 at 8-15.) KCO and Koliver responded and attached a six-page affidavit from Koliver. (ECF No. 35-1.) Koliver and KCO argued that KCO and KCP are separate entities such that Koliver and KCO were not obligated to produce KCP's documents in response to the subpoenas. (ECF No. 35.) Koliver further argued that the requests directed to KCP were improper because the subpoenas were not issued to KCP. (*Id.*)

Relevant here, Amaral attests in his declaration that Koliver and KCO argued in the Brazilian Litigation that KCO controlled KCP. (ECF No. 32 at 12 (Amaral Decl. ¶ 16).) Amaral further attests that Koliver and KCO made this argument so KCO could avoid having to pay a security as a nonresident plaintiff. (*Id.*). Amaral also attests that the Brazilian court "accepted the representations that Carvalho is KCO's legal representative in Brazil, that KCO controls KCP, and that KCO does business in Brazil through KCP." (*Id.* at 12-13 (Amaral Decl. ¶¶ 16-18).)

In response, Koliver attests that Carvalho, not KCO, has "full control over KCP," including its day-to-day operations, management of its bank accounts, management of personnel, and payment of its bills. (Koliver Decl. Nov. 13, 2024, ECF No. 35-1 ¶ 10).) Koliver also attests that he cannot force Carvalho "to do anything with regard to KCP's operations, or oblige him to provide information that might be detrimental to him under Brazilian law." (*Id.* ¶ 9.) He further attests that KCO and KCP are separate entities located in different countries. (*Id* ¶ 15.)

On April 7, 2026, the Magistrate Judge entered the following text order (the Order) regarding the parties' discovery dispute:

> TEXT ORDER: The Court has reviewed the Parties' competing letters addressing whether Applicant should be permitted to obtain e-mail and other documents from KCP. Applicant's request for such documents is denied. Among other things, the relevant subpoenas are not issued to KCP; instead, the subpoenas were plainly issued to KCO and Koliver. *See* ECF Nos. 1-6 & 1-7). The Court will not allow Applicant either to revise its subpoena or expand the subpoena's scope, particularly given Respondents' forceful argument (maintained under oath) that KCP is a distinct and separate entity that Respondents do not control. Nor does the Court believe, based upon the precedent cited in Respondent's submission, that it has the authority to compel KCP to do anything, since KCP is an entity located solely in Brazil, thus falling outside of this Court['s] jurisdiction. Consequently, Applicant's request for KCP's records is denied. SO ORDERED by Magistrate Judge Justin T. Quinn on 4/7/2026.

(ECF No. 40.)

On April 21, 2026, RH2 filed the instant appeal of the Order pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1). (ECF No. 42.)

## II. <u>LEGAL STANDARD</u>

In this district, magistrate judges are authorized to determine any pretrial, non-dispositive motion in civil cases. *See* L. Civ. R. 72.1(a)(1); *see also* 28 U.S.C. § 636(b)(1)(A). Once a magistrate judge issues an order, the parties may, within fourteen days, appeal to the district court for further review. *See* Fed. R. Civ. P. 72(a). The party appealing bears the burden of

demonstrating that the magistrate judge's decision should be overturned. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

Because a magistrate judge "is accorded wide discretion in addressing non-dispositive motions," the district court ordinarily will reverse, modify, or vacate a non-dispositive order only if that "order is 'clearly erroneous or contrary to law'"—even if the district court "would have decided the issue differently." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A ruling is contrary to law 'if the magistrate judge has misinterpreted or misapplied applicable law,' whereas a finding is clearly erroneous when the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Tormasi v. Hayman*, Civ. No. 08-4950, 2009 WL 3030081, at *8 (D.N.J. Sep. 16, 2009) (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 608 F. Supp. 2d 607, 611 (D.N.J. 2009)).

## III. DISCUSSION

RH2 makes two primary arguments in support of its appeal. First, RH2 argues that the Magistrate Judge's holding that this Court lacks jurisdiction over KCP to independently compel KCP to produce the documents is contrary to law. (ECF No. 42-1 at 14-16.) Second, RH2 argues that the Magistrate Judge's conclusion that Koliver and KCO do not have possession, custody, or control over KCP's documents such that the requests fall outside the scope of RH2's subpoena is clearly erroneous and contrary to law. (*Id.* at 16-19.) The Court disagrees.

### A. Jurisdiction Over KCP

RH2 argues that the Magistrate Judge asked "the wrong question" when it determined whether the Court has jurisdiction over KCP. (ECF No. 42-1 at 14.) RH2 submits that the Magistrate Judge's consideration of where KCP is located was improper because the Court was engaging in an analysis as to where the *documents* are located, which is irrelevant. (*Id.* at 15.)

Pursuant to 28 U.S.C. § 1782(a), which governs assistance to foreign and international tribunals and the litigants before such tribunals, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782(a). The requirements for a discovery subpoena under section 1782 are: "(1) the person from whom discovery is sought resides in the district; (2) the request seeks the 'testimony or statement' of a person or the production of a 'document or other thing'; (3) the discovery is for use in proceedings before a foreign or international tribunal; and (4) the application is made by either a 'foreign or international tribunal' or by an 'interested party.'" *In re O'Keeffe*, 646 F. App'x 263, 265 n.4 (3d Cir. 2016).

At issue here is that KCP is a Brazilian entity thereby falling outside the jurisdiction of this Court. (ECF No. 42-1 at 8 ("KCP is a Brazilian *sociedade limitada* . . ." (emphasis in original)); ECF No. 43 at 23 ("KCP [is] a Brazilian entity that is not subject to the jurisdiction of this court.").) RH2 attempts to challenge the Magistrate Judge's Order by suggesting that the Magistrate Judge consider the location of the documents, which is irrelevant to possession, custody, or control analysis. (ECF No. 42-1 at 15-16; ECF No. 48 at 8.) However, the Magistrate Judge's Order did not make reference to the location of the documents at all. (ECF No. 40.) Instead, the Order specifically states that KCP is located in Brazil and that the Court does not have the authority to compel KCP's production of documents. (ECF No. 40 ("Nor does the Court believe, based upon the precedent cited in Respondent's submission, that it has the authority to compel KCP to do anything, *since KCP is an entity located solely in Brazil*, thus falling outside of this Court['s] jurisdiction.") (emphasis added).) The Magistrate Judge properly considered KCP's location in

reaching its holding, which is dispositive. *O'Keeffe*, 646 F. App'x at 265 n.4 (interpreting section 1782 to require that "the person from whom discovery is sought resides in the district").

Thus, the Magistrate Judge's determination that it lacks jurisdiction over KCP to order the production of documents was not clearly erroneous or contrary to law.

**B. KCO's Possession, Custody, or Control Over KCP's Documents**

RH2 also argues that KCP's documents are subject to RH2's subpoena because Koliver and KCO have the right and ability to collect KCP's documents such that KCP's documents are within Koliver and KCO's control.[3] The Court agrees with the Magistrate Judge's ruling that RH2's request for email and other documents from KCP is outside the scope of the subpoenas directed to Koliver and KCO. The Court is satisfied that, based on a review of the parties' submissions, as was done by the Magistrate Judge, (ECF No. 40 ("The Court has reviewed the Parties' competing letters addressing whether Applicant should be permitted to obtain e-mail and other documents from KCP.")), neither Koliver nor KCO have control over KCP such that the Court can order the production of KCP's documents.

Under Rule 45(a)(1)(A)(iii), only documents, information, and things that are in a party's "possession, custody, or control" are subject to a subpoena. Fed. R. Civ. P. 45(a)(1)(A)(iii). When a corporate entity is requested to produce documents owned by another entity, "separate and distinct corporate identities are not readily disregarded." *In re Novartis & Par Antitrust Litig.*, Civ. No. 19-00149, 2019 WL 5722055, at *6 (E.D. Pa. Nov. 5, 2019) (citing *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002)). Further, courts have defined "control"

[3] RH2 does not appear to argue that Koliver or KCO have possession or custody of KCP's documents, thus these arguments are waived. *See Woodell v. Coach*, Civ. No. 22-02222, 2022 WL 17486262, at *3 (D.N.J. Dec. 7, 2022) (citing *Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd.*, Civ. No. 12-03375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) (finding arguments not addressed in parties' briefing "are deemed waived.")).

as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *See, e.g., Dixon v. Williams*, Civ. No. 13-02762, 2016 WL 631356, at *3 (M.D. Pa. Feb. 17, 2016) (citing *Florentia Cont. Corp. v. RTC*, Civ. No. 92-1188, 1993 WL 127187 at *3 (S.D.N.Y. Apr. 22, 1993)); *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 502 (D.N.J. 2021); *Frank Brunckhorst Co. v. Ihm*, Civ. No. 12-0217, 2012 WL 5250399, at *7 n.8 (E.D. Pa. Oct. 23, 2012) (collecting cases).

Based on the Court's review of the parties' submissions, the Court cannot find that the Magistrate Judge's finding that "KCP is a distinct and separate entity that Respondents do not control" is clearly erroneous or contrary to law. Control is defined as the legal right to obtain documents upon demand. *See, e.g., Dixon*, 2016 WL 631356 at *3. While Koliver and KCO are majority owners of KCP, they are separate entities under the law. KCO and KCP are located in different countries, with their own by-laws, governing documents, and managers with power of attorney. (Koliver Decl. Nov. 13, 2024, ECF No. 35-1 ¶¶ 5-6, 15-16.) For example, KCP has its own Articles of Incorporation in which Carvalho is identified as the manager and represents the company as the Director. (ECF No. 32 at 19 (KCP Operating Agreement, Art. 7).) As Koliver attested, he does not have "any of the KCP accounts or passwords as they are maintained separately from KCO and Koliver." (Koliver Decl. Nov. 13, 2024, ECF No. 35-1 ¶ 12.) KCP also has its own Operating Agreement. (ECF No. 32 at 17-24 (KCP Operating Agreement).) While the Operating Agreement would permit Carvalho to be removed upon majority vote, (*id.* at 19 (KCP Operating Agreement, Art. 5)), such a theoretical possibility is insufficient to give Koliver and KCO "control" for purposes of Rule 45(a). *See In re Citric Acid Litigation*, 191 F.3d 1090, 1108 (9th Cir. 1999) (holding that the International Union of Petroleum and Industrial Workers (IUPIW) did not have control over local unions to require production of documents because governing

contract did not expressly give IUPIW the right to obtain the records of local unions upon demand and the possibility that IUPIW could dissolve a local union was too remote and insufficient to establish control under Rule 45(a)). In the absence of actual control, RH2 has failed to meet its burden of establishing that Koliver or KCO have the legal right to obtain KCP's documents upon demand. *Dixon*, 2016 WL 631356 at *3. The Court cannot find based on the record that the Magistrate Judge's finding of a lack of control was clearly erroneous and abuse of discretion in denying RH2's demand for documents under Rule 45(a).

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Applicant's Motion (ECF No. 42) is **DENIED**.[4] An appropriate Order follows.

Dated: October 15, 2026

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[4] RH2 argues that this Court should set aside the Magistrate Judge's order and instruct the Magistrate Judge to "reconsider the issue after the parties conduct some discovery," but cites no authority in support of this contention. (ECF No. 42 at 25; ECF No. 48 at 15-16.) To the extent RH2 seeks relief in the form of reconsideration, the appropriate means for such a request would have been to move within 14 days after the entry of the Order pursuant to Local Civil Rule 7.1(i). *See* L. Civ. R. 7.1(i). Instead, RH2 filed the instant appeal. Having determined the Magistrate Judge's Order was not clearly erroneous or contrary to law, and in the absence of any authority from RH2 establishing why reconsideration is appropriate here, the Court declines to grant RH2 such relief.